Nicholson, C. J.,
delivered the opinion of the court..
These cases were consolidated at the last term of this court, and ordered to be heard together. The-first is upon a motion to remand to the chancery court at Memphis for further proceedings therein. The other is here upon appeal from the decree of the Chancellor overruling a demurrer to the bill.
A final decree Was rendered by this court at its. April term, 1872, in the first of these cases, in which all the matters involved in the pleadings were settled. No objection is now made to that decree, but it is alleged that there were other matters involved in the suit which were not passed upon by either the Chancellor or this court, and the motion is now made to remand the case, that these other matters may be disposed of.
*277 There is nothing on the face of the record from which we can see that the litigation did. not embrace all the questions which the parties desired to have settled. On the contrary, it appears affirmatively, by the report of the clerk and master, that whatever other questions there were, the parties regarded them as so settled or adjusted that they were excluded from the litigation with the acquiescence and consent ■of both sides.
But it is now alleged that, while it is true that these other matters were excluded by agreement from the litigation, yet after the litigated matters were settled by the decree of this court one of the parties to the agreement, B. A. Shepherd, has repudiated it, and insists that the decree obtained by him is conclusive of all questions between the parties.
Affidavits have been filed by the other party, "W. E. Moore, for the purpose of showing the alleged agreement, and thereby inducing this court to remand the case to the chancery 'court.
Without determining whether affidavits would in any case be looked to in such a motion, it is clear that no ground for remanding the case is made out in this motion, either upon the face of the record or by the affidavits. If the matters now sought to be inquired into were by consent withdrawn from the case, it is obvious that they cannot be restored to it by any action of this court. If, as sought to be established by the affidavits, an agreement was made by which the unlitigated matters were to be settled without further suit, after the litigated matters should be *278 settled, and one of the parties has violated this agree-ment, the other party must seek some other mode of redress than the remanding of the case.
The motion is therefore disallowed.
The hill in the other case is filed to reach the same object sought to be attained by the motion to remand.
It is clear that if- Moore was induced to withhold; a portion of his claims from the litigation upon the-assurance by Shepherd that they were not disputed, but would be allowed and settled after the litigated matters were determined; and if, after such determination of the litigated matters, Shepherd repudiated the agreement and refused to perform his contract,, this constituted a fraud, relievable in equity.
It is insisted by Moore that his bill presents such a case.
Shepherd has demurred to the bill, and relies mainly upon the decree of this court already referred, to, as conclusive between the parties.
In the argument of the case, it has been assumed' that the record of the case in which the decree relied on. was rendered, is before this court for inspection and examination in determining the question of res adjudieata raised by the defendant. The complainant refers to this record in his bill in support of certain historical statements therein made, but fails to make it a part of the bill, by exhibit or otherwise. To authorize us to treat the record as part of the case, it must be made so by language which sufficiently indicates such an intention. As this is- *279 not so done, we are not authorized to treat the record as part of complainant’s bill, but must determine-from the face of the bill whether the allegations are such as to show that the matters now sought to be litigated have already been adjudicated, and whether any such agreement is alleged as fixes fraud upon the defendant in refusing to carry it out.
After stating in detail the proceedings in the chan-' eery court and the supreme court, and showing that the litigation was confined to three items of account between the parties, and that the decrees in both courts were based exclusively on these three items, the complainant alleges that the report of the clerk and master in said case of February 23, 1870, was correct, which shows that all other matters of account on the books of Shepherd & Moore had been adjusted, leaving the three items unsettled between them as stated therein, and that no objection was taken thereto, and for that reason no other matters or accounts were adjudicated in that suit than the three above mentioned, which were the only matters that were disputed or contested, and upon which the decision of the court was demanded.
But the complainant alleges that, independently of these items thus disputed, and at the date of said report, the firm of Shepherd & Moore was indebted to him in the sum of $10,279.42, and to Jos. A. Shepherd in the sum of $3,920.58, of date March 17, 1869, as appears from a balance sheet from the books of said firm, &c. This balance sheet and these items of indebtedness Avere not disputed, but Avere agreed *280 upon, except so far as the items in contest should affect them, and hence the clerk and master properly reported them as adjusted, and not involved in the contest.
Again, the complainant alleges that although the said item of indebtedness him upon the partnership account, as heretofore shown, was undisputed and conceded when the clerk and master made his report, and for that reason was not included in the account hereinbefore mentioned, yet, since the recovery of the decree in the supreme court against him, the defendants have utterly refused to allow said claim as an offset, or to admit or pay it, but insist upon their right to receive the whole amount of said decree, without paying these items of indebtedness to the complainant which have always been conceded, and for that i’eason were excluded from said litigation.
The question is, Do these allegations charge that the items of indebtedness to the complainant were excluded from the litigation upon any agreement, express or implied, that they were undisputed, and would be allowed without litigation ?
It is true that in these allegations it is nowhere expressly charged that there was such an agreement, or that the defendants have fraudulently repudiated their agreement; but assuming the facts alleged to be true, the only reasonable construction to be placed upon the language is, that the defendants conceded the correctness of the claims, and agreed that they should be settled without being embraced in the litigation, and that for that reason they were not included in the account and report of the clerk and master.
*281 It is not necessary that facts charged in a bill as constituting fraud should be so characterized. It is enough if the allegations state facts which constitute fraud; and we think that the allegations in this bill sufficiently charge fraud in procuring the final decree, to entitle the complainant to relief, if they should be sustained upon answer and proof.
We are therefore of opinion that the Chancellor committed no error in overruling the demurrer, and we affirm his decree with costs, and remand the case for answer or plea and further proceedings.